UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| JOSHUA ALLEN EWEN, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) | 2:23-CV-145 |
|  | ) |  |
| vs. | ) |  |
|  | ) |  |
| PAULA DEEN'S FAMILY KITCHEN, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

**REPORT AND RECOMMENDATION**

Plaintiff Joshua Allen Ewen filed a pro se Complaint [Doc. 2] and an accompanying Motion [Doc. 1] in which he asked to proceed *in forma pauperis*. On November 8, 2023, this Court granted Plaintiff's request to proceed *in forma pauperis*. [Doc. 4]. The Court then undertook the screening process required when litigants are granted permission to proceed without prepayment of fees. In doing so, the Court noted that Plaintiff did not provide a sufficient factual basis to support any of his claims but observed that Plaintiff could potentially set forth a colorable discrimination claim against the defendants if he provided a more fully developed factual basis.

Given that Plaintiff was representing himself, the Court provided him with an opportunity to file an amended complaint to address the noted deficiencies in his Complaint. [Doc. 4, p. 4]. Plaintiff then filed multiple notices including additional facts [Docs. 5-10] and an Amended Complaint [Doc. 11]. Though Plaintiff filed the notices before filing his Amended Complaint, it appears that he intended for the notices to be included as part of his allegations against Defendants. Because Plaintiff is proceeding pro se, the Court will consider all of these filings in screening Plaintiff's Amended Complaint. This matter is now ripe for review.

## I. FACTUAL ALLEGATIONS

In this action, Plaintiff alleges that he was the victim of racial, gender, and religious discrimination in violation of Title VII of the Civil Rights Act of 1964 and that he was a victim of defamation. Plaintiff's claims arise from his employment with Defendants Paula Deen's Family Kitchen and Hey Ya'll [sic.] LLC. Paula Deen's Family Kitchen ("PDFK") is a restaurant in Pigeon Forge, Tennessee where Plaintiff worked as a server and trainer. [Doc. 8, p. 3, 5].

Plaintiff contends that he is of African and Native American descent and practices the "Chaos" and "Paganism-Hoodoo" religions. [Doc. 6, p. 1, 3; Doc. 9, p. 2]. As part of his religious practice, he wears facial markings such as tattoos. [Doc. 6, p. 1; Doc. 11, p. 1]. Plaintiff alleges that he was told to remove his facial markings on multiple occasions by his managers[1] at the restaurant pursuant to a company tattoo policy. On April 25, 2023, Plaintiff alleges that Mark Prior told him he "was not permitted to apply visible tattoos or any [religious] expression or [he] would be prevented from working or remove [his] groomings." [Doc. 11, p. 1]. Plaintiff contends that he had advised Mr. Prior that he would be wearing facial markings as part of his religious practice. [Doc, 6, p. 1]. On April 27, 2023, Plaintiff alleges that Cathy Nichols asked him to remove a mark from his face or he "would not be permitted to work for the day." [Doc. 11, p. 1]. On April 28, 2023, Plaintiff alleges that Mr. Prior again told Plaintiff he could not wear visible tattoos but that he could work in a position where he would not face customers if he wore visible tattoos. *Id.* Plaintiff further alleges that on the same day, Mr. Prior told Plaintiff he must agree not to wear visible tattoos unless they matched the color of his skin. *Id.*

---

[1] Plaintiff's Amended Complaint indicates that Mark Prior is the Director of Operations of PDFK, Cathy Nichols is an assistant manager, Marty Ambester works for the Department of Human Resources, and John Belcastro is the General Manager. [Doc. 11, p. 1-2]. Plaintiff does not name these individuals as defendants in the action, but Defendants may be held liable for their actions under a theory of *respondeat superior*. *See Evans v. O'Reilly Auto., Inc.*, No. 3:10-CV-337, 2011 WL 6740570, *2 (E.D. Tenn. Dec. 21, 2011).

Then, on May 1, 2023, Plaintiff alleges that he told John Belcastro he felt he was being discriminated against. *Id.* at 2. On May 2, 2023, Plaintiff states that Marty Ambester and Mr. Prior told him to file for an accommodation in order display tattoos based on his religion, but that on the same day the managers informed Plaintiff that he would be terminated for insubordination and failure to engage. *Id.* After Plaintiff filed a claim with the Equal Employment Opportunity Commission ("E.E.O.C."), Defendants filed a response, which Plaintiff argues was defamatory because "[t]he statement, hackled my religion, [labeled] my culture erratic behavior, and [falsely] accused me of being aggressive, while I was in distress of [harassment]." *Id.*; *see also* [Docs. 5, 6]. Plaintiff now requests punitive damages to compensate him for these claims.[2]

## II. ANALYSIS

### a. *Leniency afforded to pro se litigants*

When a Plaintiff is proceeding *in forma pauperis,* applicable law directs the district court to dismiss the complaint if it is frivolous or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(i) and (ii); *see also Neitzke*, 490 U.S. 319. In undertaking the present review, the Court will liberally construe Plaintiff's claims because he is proceeding pro se. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Still, even under this lenient standard, a claim will be dismissed if it is frivolous, meaning it lacks "'an arguable basis either in law or fact.'" *Brand v. Motley*, 526 F.3d 921, 923 (6th Cir. 2008) (quoting *Neitzke,* 490 U.S. at 325). For a complaint to survive the §1915 screening process, it "must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Zelesnik v. GE Healthcare*, No. 1:18CV2443, 2018 WL 5808749, at *1 (N.D. Ohio Nov. 6, 2018) (quoting *Hill v. Lappin*, 630 F.3d 468, 471

---

[2] Title VII permits recovery of punitive damages, even in the absence of an award of nominal or compensatory damages, subject to the conditions contained in 42 U.S.C. § 1981a. *Tisdale v. Fed. Exp. Corp.*, 415 F.3d 516, 534 (6th Cir. 2005).

(6th Cir. 2010)). The Court is not permitted to "conjure allegations on a litigant's behalf" to help a pro se litigant survive the §1915 screening process. *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). This limitation helps courts avoid "'transform[ing] . . . from their legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies. . ..'" *Profitt v. Divine Sol.*, No. 3:10-CV-311-S, 2010 WL 2203310, at *1 (W.D. Ky. May 27, 2010) (quoting *Beaudett v. City of Hampton,* 775 F.2d 1274, 1278 (4th Cir. 1985)).

### b. *Racial Discrimination Claim*

Plaintiff contends that Defendants discriminated against him on the basis of his race, but he does not provide facts to support the claim. "To establish a prima facie claim of racial discrimination under Title VII, a plaintiff must show that: 1) he is a member of a protected class; 2) was qualified for the job; 3) he suffered an adverse employment decision; and 4) was replaced by a person outside the protected class or treated differently than similarly situated non-protected employees." *Newman v. Fed. Exp. Corp.*, 266 F.3d 401, 406 (6th Cir. 2001) (citing *Talley v. Bravo Pitino Restaurant*, 61 F.3d 1241, 1246 (6th Cir. 1995)). In this case, Plaintiff alleges that he is of African and Native American descent and that his employer required him to wear facial markings that matched the color of his skin tone but nothing more. It appears that the allegations regarding the facial marking are related to his religious discrimination claim and not his race. These bare bones allegations fail to meet the requirements set forth above. Given that Plaintiff has not provided a sufficient factual basis for his claim of racial discrimination, the Court must recommend dismissal of Plaintiff's racial discrimination claim.

### c. *Gender Discrimination Claim*

Plaintiff further alleges that he has been the victim of gender discrimination, but again he offers no facts to support this claim. "To establish a prima facie case of sex discrimination under

Title VII, a plaintiff must show that (1) he is a member of a protected class; (2) he was qualified for the job; (3) he experienced an adverse employment action; and (4) he was replaced by someone outside of the protected class." *Watts v. Lyon Cnty. Ambulance Serv.*, 23 F. Supp. 3d 792, 807 (W.D. Ky. 2014), *aff'd*, 597 F. App'x 858 (6th Cir. 2015) (internal citations omitted). When the plaintiff is a male, a "reverse-sex discrimination" scheme applies whereby the plaintiff must show discrimination against the majority. *Id.* While Plaintiff does not allege his gender, a document authored by his employer indicates that he is a male. *See* [Doc. 8]. However, Plaintiff provides no facts whatsoever to indicate that his gender factored into Defendant's decision to terminate his employment or take any other employment-related action against him. Given the lack of a factual basis for Plaintiff's gender discrimination claim, the Court must recommend that it be dismissed.

### d. Religious Discrimination Claim

The primary focus of Plaintiff's allegations against Defendant in this case is that the company discriminated against him based on his religious beliefs. To establish a prima facie case of religious discrimination, Plaintiff must show that "(1) he holds a sincere religious belief that conflicts with an employment requirement; (2) he has informed the employer about the conflict; and (3) he was discharged or disciplined for failing to comply with the conflicting employment requirement." *Reed v. Int'l Union, United Auto., Aerospace & Agr. Implement Workers of Am.*, 569 F.3d 576 (6th Cir. 2009) (quoting *Tepper v. Potter*, 505 F.3d 508, 514 (6th Cir. 2007)).

In this case, the Court finds that after considering his filings collectively, Plaintiff has met the first element. While in his Amended Complaint Plaintiff does not allege that he holds a sincere religious belief that conflicts with Defendant's policy against tattoos, he filed multiple documents in addition to the Amended Complaint which state that he was wearing the tattoos as part of the "Chaos" religion, which appears to be a part of a tribal religion, and as part of the "Paganism-

Hoodoo" religion. [Doc. 6, p. 1; Doc. 9, p. 2]. The Court is not permitted to question the sincerity of Plaintiff's stated beliefs at this juncture. *Yaacov v. Mohr*, No. 16-4361, 2018 WL 6333604 (6th Cir. June 5, 2018) (finding that the district court erred in rejecting plaintiff's allegations as to his religious beliefs when screening complaint under § 1915). As such, the Court must find that Plaintiff has met the first element of this claim. It appears from the record that his stated religious belief conflicts with one of Defendant's employment requirements.

As to the second element, Plaintiff alleges that he told his managers about his religious beliefs. More specifically, Plaintiff alleges that on April 25, 2023, "I was informed by Mark Prior that if I was not permitted to apply visible tattoos or any [religious] expression." [Doc. 11, p. 2]. This statement implies that Plaintiff had told Mr. Prior that he used tattoos and/or markings as part of his religious expression on or before this date, and on page 1 of Document 6, Plaintiff directly states that he told Mr. Prior he would be placing marks on his face as part of his religious practice. Plaintiff further alleges that on May 1, 2023, he told Mr. Belcastro that he felt he was being discriminated against, and he appears to be referencing earlier interactions where he was told he could not display his religious tattoos/markings. While it is not entirely clear when Plaintiff informed his employer that the tattoo policy conflicted with his religion, after considering Plaintiff's filings in total and given the liberal pleading standard afforded to pro se litigants, the Court finds he has satisfied this second element for screening purposes.

Finally, a liberal construction of the pleadings leads to a finding that Plaintiff has met the third element. He alleges that Mr. Prior and Ms. Nichols both told him he could not work for Defendant at all at certain times because of his tattoos/facial markings and at others could not work until he removed his facial markings. He further alleges that he was told on another occasion that he could work while displaying his tattoos/facial markings but could not interact with customers

unless his tattoos/facial markings matched the color of his skin. Plaintiff then alleges that he was terminated and was advised that the reason for his termination was insubordination and "failure to engage." Although Plaintiff may not have provided as clear a claim of religious discrimination as the Court might typically see, the Court cannot find that the claim is frivolous because there is an arguable factual and legal basis for it. As such, the Court must recommend that his religious discrimination claim be permitted to proceed.

### e. *Defamation Claim*

Finally, Plaintiff contends that Defendants defamed him in a statement to the E.E.O.C. by hackling his religion, labeling his culture as erratic behavior, and accusing him of being aggressive. Plaintiff cites to Title VII as the basis of his defamation claim, but there is no reference to defamation in Title VII. *See* 42 U.S.C.A. § 2000e-2. Additionally, the types of statements Plaintiff accuses Defendants of making appear to be opinion statements, which are not actionable as defamation under Tennessee law. *Battle v. A & E Television Networks*, LLC, 837 F. Supp. 2d 767, 775 (M.D. Tenn. 2011). Furthermore, Plaintiff could not sustain an action for defamation against Defendants based on statements they made to the E.E.O.C. during litigation, because those statements are privileged. *Snedeker v. Fed. Mogul Friction*, No. 2:06-00022, 2006 WL 1697195, *2 (M.D. Tenn. June 14, 2006) (citing *Jones v. Trice*, 210 Tenn. 535, 360 S.W.2d 52 (Tenn. 1961) and explaining that statements made during the course of judicial, administrative, and quasi-judicial proceedings are privileged when they are relevant and pertinent to the issues in the proceeding). In this case, Defendants statements about Plaintiff's religion and behavior in the workplace would be relevant to his claims against them. As such, the Court recommends dismissal of Plaintiff's defamation claim.

### III. CONCLUSION

For the reasons set forth above, the undersigned **RECOMMENDS** that Plaintiff's claim of religious discrimination be **permitted to proceed**; that his claims of racial and gender discrimination be **DISMISSED without prejudice**; and that his defamation claim be **DISMISSED with prejudice**.[3]

This matter is to be presented to the District Judge pursuant to this Report and Recommendation under the authority of *Gibson v. R.G. Smith Co.*, 195 F.2d at 263, wherein the Court states that such matters proceed automatically to a district judge for examination of the complaint after a magistrate judge has granted the petition to proceed *in forma pauperis*.[4]

Respectfully submitted,

/s/Cynthia Richardson Wyrick
United States Magistrate Judge

---

[3] The Court has recommended that only one of Plaintiff's claims be dismissed with prejudice because the Sixth Circuit has advised that claims should generally be dismissed without prejudice when it is possible for the relevant party to correct a defect in the pleading following dismissal. *Brown v. Matauszak*, 415 F. App'x 608, 614-15 (6th Cir. 2011); *see also Jemison v. McMullen*, No. 1:23-CV-193, 2023 WL 8642381, *3 (S.D. Ohio Dec. 14, 2023). This is particularly true when dealing with pro se litigants, with the Sixth Circuit noting that "where deficiencies in a complaint are attributable to oversights likely the result of an untutored pro se litigant's ignorance of special pleading requirements, dismissal of the complaint without prejudice is preferable." *Brown*, 415 F. App'x at 615. On the other hand, courts have dismissed claims with prejudice when amendment would be futile, and this Court has determined that any attempt by Plaintiff to proceed with his defamation claim would be futile, which is why this Court has recommended dismissal of that claim with prejudice. *See id.*

[4] Objections to this Report and Recommendation must be filed within 14 days after service of this recommended disposition on the objecting party. 28 U.S.C. 636(b)(1); Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Fed. R. Civ. P. 72(b). Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).